IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>HAWAII OUTDOOR TOURS, INC. dba Naniloa Volcanoes Resort and Naniloa Volcanoes Golf Club,<br><br>      Debtor and Debtor-in-Possession. | Bk. No. 12-02279 (RJF)<br>(Chapter 11)<br><br>MEMORANDUM IN SUPPORT |

## MEMORANDUM IN SUPPORT

In support of its MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO ENTER INTO INSURANCE PREMIUM FINANCING AGREEMENT AND SCHEDULING FINAL HEARING ("Motion"), Debtor and Debtor-in-possession HAWAII OUTDOOR TOURS, INC. (the "Debtor" or the "Company"), respectfully represents as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper before the Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On November 20, 2012 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Hawaii (the "Court").

4. The Debtor continues to operate and manage its business, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor operates a hotel with 375 guest rooms in Hilo, Hawaii doing business as the Naniloa Volcanoes Resort (the "Hotel"), and nine-hole golf course associated with the Hotel (the "Golf Course") doing business as the Naniloa Volcanoes Golf Club.

6. Federal Rule of Bankruptcy Procedure 4001(c)(2), which governs motions for approval of post-petition financing, specifically authorizes the Court to conduct an interim hearing on less than 15 days notice. *See* Fed. R. Bk. Pro. 4001(c)(2).

## DEBTOR'S INSURANCE NEEDS AND PREMIUM FINANCE AGREEMENT

7. The Debtor maintains various insurance policies in connection with its business.

8. Prior to the Petition Date, the Debtor prepaid the premiums due under its insurance policies.

9.  Unless renewed, most of the Debtor's insurance policies expire on January 24, 2013.

10. In order to assist the Debtor in managing its cash flow during this reorganization case, the Debtor needs to finance the premiums necessary to pay for its insurance needs.

11. In connection with this case, the Debtor wishes to finance the payment of the insurance premiums for the following 5 insurance policies:

| Name of Carrier | Type and Amount of Coverage | Existing Policy Expiration Date | Premium Paid Through: |
|---|---|---|---|
| Great Lakes Reinsurance (UK) PLC<br>Agent: Risk Placement Services, Inc.<br>677 Ala Moana Blvd<br>Honolulu, Hawaii 96813 | Primary Commercial Property $5,000,000 | 1/24/2013 | 1/24/2013 |
| Underwriters at Lloyd's<br>Agent: Risk Placement Services, Inc.<br>677 Ala Moana Blvd<br>Honolulu, Hawaii 96813 | Excess Property $10,000,000 | 1/24/2013 | 1/24/2013 |
| Dongbu Commercial Package<br>Dongbu Insurance Co., Ltd. | Commercial Property $46,879,500<br>Commercial General Liability $2,000,000<br>Liquor Liability $1,000,000 | 1/24/2013 | 1/24/2013 |
| National Union Fire Insurance Company of Pittsburgh | Commercial Excess Liability Coverage $10,000,000 | 1/24/2013 | 1/24/2013 |
| Dongbu Insurance Co., Ltd. | Business Auto $1,000,000 | 1/24/2013 | 1/24/2013 |

12. Pursuant to the IPFS Premium Finance Agreement, IPFS will agree to finance 5 insurance policies identified in the IPFS Premium Finance

Agreement for a one year period beginning January 24, 2013.

13. The policies provide the following types of coverage: (a) general liability and liquor liability; (b) property, boiler & equipment, and excess; and (c) business automobile.

14. As described in further detail in the IPFS Premium Finance Agreement, the premiums total $170,464.00. The total amount financed under the IPFS Insurance Agreement is $110,801.60. The finance charge is $2,227.05. The applicable annual percentage rate for the financing is 6.000%.

15. The Debtor has been advised that it must deliver the following to IPFS in order to have the premium finance agreement processed: an initial payment and deposit of $59,662.40 payable to Pyramid Insurance Centre, Ltd. (the agent of IFPS), a copy of the executed Order granting this Motion, and the executed IPFS Premium Finance Agreement. Because the existing policies expire on January 24, 2013, time is of the essence.

16. The IPFS Premium Finance Agreement calls for the first of seven monthly payments of $16,146.95 to be made on or before February 24, 2013.

17. Section 364(c)(2) of the Bankruptcy Code provides that if a debtor is unable to obtain unsecured credit allowable as an administrative expense, the Court, after notice and a hearing, "may authorize the obtaining of credit or the incurring of debt -- secured by a lien on property of the estate that is not otherwise

subject to a lien . . . ." 11 U.S.C. § 364(c)(2).

18. Under the terms of the IPFS Premium Finance Agreement, IPFS will retain a security interest in unearned premiums that it finances.

19. The Debtor believes that the IPFS Premium Finance Agreement satisfies the standard under Section 364(c)(2) of the Bankruptcy Code.

20. The Debtor has not been able, either pre- or post-petition, to obtain financing for insurance premiums on an unsecured basis.

21. The terms of the Premium Finance Agreements are reasonable and consistent with prior financing previously entered into by the Debtor and with other post-petition financing approved by the Court in other cases.

22. Insurance premium financing is in the best interest of the estate because if the Debtor does not make arrangements to finance the premiums, the Debtor would have to pay the entire premium at once.

23. Pursuant to 11 U.S.C. §§ 105, 363(b) and 364(c)(2), the Debtor requests authorization to enter into an insurance premium financing agreement substantially in the form attached hereto as **Exhibit "A"** (the "IPFS Premium Finance Agreement").

24. Debtor requests an order granting IPFS Corporation a first priority security interest in the unearned premiums that it finances under the IPFS Premium Finance Agreement, the right to cancel the policy, and apply unearned

premiums in its possession that it finances to the account of the Debtor in the event of a default under the IPFS Premium Finance Agreement, as set forth in the IPFS Premium Finance Agreement.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion, and: (a) enter an order authorizing, on an interim basis, the Debtor to enter into an insurance premium financing agreement with IPFS Corporation ("IPFS") in the form attached hereto as **Exhibit "A"** (the "IPFS Premium Finance Agreement"); (b) enter an order authorizing the Debtor to make the initial cash down payment required under the IPFS Premium Finance Agreement; (c) enter an order granting IPFS a first priority security interest in the unearned premiums that it finances under the IPFS Premium Finance Agreement, the right to cancel the policy, and apply unearned premiums that it finances to the account of the Debtor in the event of a default under the IPFS Premium Finance Agreement, as set forth in the IPFS Premium Finance Agreement.

WHEREFORE, the Debtor respectfully requests the Court schedule a final hearing on the Motion, and grant such other relief as the Court deems fair and just.

DATED: Honolulu, Hawaii, January 11, 2013.

/s/Neil J. Verbrugge
JAMES A. WAGNER
NEIL J. VERBRUGGE
Counsel for Debtor
and Debtor-in-Possession